IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DeMARIO JACKSON,

                                Plaintiff,

      v.

RYAN HOLZMACHER, JAMES LaBELLE,
TANYA BONSON, SUSAN PETERS,
SCOTT HOFTIEZER, KARL HOFFMAN,
BURTON COX and LISA ALLEN,

                                Defendants.

ORDER

16-cv-828-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner DeMario Jackson is proceeding on a claim that prison officials at the Wisconsin Secure Program Facility are violating his rights under the Eighth Amendment by refusing to provide treatment for his gynecomastia, a swelling of breast tissue that plaintiff alleges is painful. Now before the court is defendant Susan Peters's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim upon which relief may be granted. Dkt. #36.

      I am denying defendant Peters's motion for the simple reason that she is relying on documents outside the complaint to support her motion. She says that she was not personally involved in the decision to deny plaintiff treatment, but she cites her own declaration rather than the complaint to support that statement. A court may not consider documents outside the pleadings in the context of a motion to dismiss. Fed. R. Civ. P. 12(d); Rutherford v. Judge & Dolph Ltd., 707 F.3d 710, 713–14 (7th Cir. 2013). Thus, if

defendant Peters believes that plaintiff cannot prove that she was personally involved in a decision to deny him care, she will have to file a motion for summary judgment.

ORDER

IT IS ORDERED that defendant Susan Peters's motion to dismiss, dkt. #36, is DENIED.

Entered this 26th day of July, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge