IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEMARIO JACKSON,

                Plaintiff,

v.

RYAN HOLZMACHER, JAMES LABELLE,
TANYA BONSON, SUSAN PETERS,
SCOTT HOFTIEZER, KARL HOFFMAN,
BURTON COX and LISA ALLEN,

                Defendants.

ORDER

Case No. 16-cv-828-bbc
App. No. 18-2131

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment was entered in this case on April 18, 2018, after I granted summary judgment in favor of defendants Ryan Holzmacher, James LaBelle, Tanya Bonson, Susan Peters, Scott Hoftiezer, Karl Hoffman, Burton Cox and Lisa Allen on plaintiff Demario Jackson's claim that defendants violated his rights under the Eighth Amendment by refusing to provide treatment for his gynecomastia. Now plaintiff has filed a notice of appeal and has submitted a trust fund account statement, which I will construe as a request leave to proceed in forma pauperis on appeal.

      A district court has authority to deny a request for leave to proceed in forma pauperis

1

under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1), (3) and (g); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). After considering plaintiff's trust account statement, I conclude that plaintiff has established his indigence. Further, plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith. Therefore, I conclude that plaintiff is eligible to proceed in forma pauperis.

Under 28 U.S.C. § 1915(b)(1)-(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. Plaintiff's inmate trust fund account statement shows that plaintiff is able to make an initial partial payment of $33.19, which will be due no later than June 22, 2018. Thereafter, plaintiff shall pay the remainder of the $505 appellate docketing fee for each case in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

If plaintiff does not have the money to make the $33.19 initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. The only amount plaintiff must pay at this time is the $33.19 initial partial appeal payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this

2

order to prison officials to make sure they are aware they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that the request of plaintiff Demario Jackson, to proceed without prepayment of the $505.00 appeal fee is GRANTED. Plaintiff may have until June 22, 2018, in which to submit a check or money order made payable to the clerk of court in the amount of $33.19. If, by June 22, plaintiff fails to pay the initial partial appeal payment, or show cause for failure to do so, then I will advise the court of appeals of plaintiff's noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Further, the clerk of court is requested to insure that the court's financial records reflect plaintiff's obligation to pay the $33.19 initial partial appeal payment and the remainder of the $505.00 appeal fee for this case.

Entered this 31st day of May, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge